IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:19-cr-045

ALEXX K. MCKNIGHT,
        Appellant.

## OPINION

The defendant, Alexx K. McKnight, appeals the sentence imposed by the United States Magistrate Judge for violations of her probation. On February 19, 2019, the Magistrate Judge sentenced McKnight to nine months imprisonment and one year of supervised release with special conditions. This Court finds the sentence procedurally and substantively reasonable and will affirm the Magistrate Judge's decision.

## I. BACKGROUND

On November 28, 2018, McKnight pled guilty to driving with a suspended or revoked driver's license in a national park. The Magistrate Judge sentenced her to 12 months of probation with certain conditions, a sentence below the U.S. Sentencing Guidelines ("Guidelines") range. Specifically, he required her to spend a weekend in jail, participate in substance abuse treatment, abstain from using alcohol, submit to alcohol testing, attend 90 Narcotics Anonymous ("NA") or Alcoholics Anonymous ("AA") meetings in 90 days, and obtain an NA or AA sponsor. McKnight began her term of probation on November 28, 2018.

On December 17, 2018, authorities in Culpeper, Virginia, arrested McKnight and charged her with driving while intoxicated for the second time in five years, driving with a revoked license, and speeding. As a result, the U.S. Probation Office filed a petition alleging that McKnight breached the conditions of her probation by (1) failing to abstain from alcohol, and (2) committing

new crimes.[1] McKnight pled guilty to the two violations. The Guidelines calculated an advisory range of 6 to 12 months imprisonment for the violations, with a statutory maximum of 12 months. McKnight requested 60 days in prison and a residential substance abuse treatment program. After the incident, McKnight learned that she was pregnant, so she asked for a sentence that would allow her to avoid giving birth in prison. The government sought a sentence of at least nine months followed by one year of supervised release.

After considering the relevant sentencing factors in 18 U.S.C. § 3553(a), the Magistrate Judge sentenced McKnight to nine months of imprisonment. The Magistrate Judge focused on McKnight's need for substance abuse treatment, her pregnancy, and the danger that she posed to the public with her repeated alcohol and drug related offenses. He also observed the "serious breach of trust" implicated by the brief period between the commencement of her probation and the violations. (Dk. No. 26, at 2.) The Magistrate Judge recommended that the Bureau of Prisons place McKnight in the Greenbrier Birthing Center MINT Program during her last trimester, if she consented. Finally, he imposed one year of supervised release, with conditions requiring McKnight to complete an inpatient substance abuse program and continue with outpatient treatment thereafter, consume no alcohol, submit to remote alcohol testing using a Soberlink device, attend 90 NA or AA meetings in 90 days and obtain a sponsor, and abstain from driving.

McKnight timely appealed her sentence on March 5, 2019, arguing that the Magistrate Judge imposed a procedurally and substantively unreasonable sentence.[2]

---

[1] The petition alleged a third violation for failing to promptly notify the probation officer of contact with law enforcement, but the Magistrate Judge dismissed that charge on the government's motion.
[2] The defendant's attorney filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel indicated that she could not find meritorious grounds for appeal, but nevertheless questioned the reasonableness of the defendant's sentence. The Court advised the defendant of her right to file a pro se supplemental brief under *Anders*, but the defendant has not done so. *See United States v. Bronson*, 267 F. App'x 272, 273 (4th Cir. 2008).

## II. STANDARD OF REVIEW

A defendant may appeal a magistrate judge's decision to a district judge pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B). "The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). "A district judge should affirm a sentence imposed by a magistrate judge unless it is unreasonable or resulted from a significant procedural error." *United States v. Fore-Durham*, No. 3:16-cr-10, 2016 WL 2689064, at *2 (E.D. Va. May 9, 2016). Procedural errors include improperly calculating or failing to calculate the Guidelines range, viewing the Guidelines as mandatory, neglecting to consider the § 3553(a) factors, relying on clearly erroneous facts, and failing to adequately explain the sentence. *United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011).

Absent a procedural error, a district court must examine the substantive reasonableness of a magistrate judge's sentence using a deferential abuse of discretion standard. *Fore-Durham*, 2016 WL 2689064, at *2. "A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006). A sentence within a properly calculated Guidelines range enjoys a presumption of reasonableness, but a defendant can rebut the presumption by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

## III. DISCUSSION

### A. Procedural Reasonableness

McKnight contends that the Magistrate Judge imposed a procedurally unreasonable sentence because he failed to adequately explain the sentence. While a court must explain every

sentence, regardless of whether it falls above, below, or within the Guidelines, the court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). The court must provide a statement of reasons for the sentence, *id.*, but it does not need to "robotically tick through § 3553(a)'s every subsection." *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007). The sentencing court need only show that it considered the § 3553(a) factors and any potentially meritorious arguments, so that the appellate court can effectively review the sentence for reasonableness. *Id.* Furthermore, a sentencing court may attribute more weight to some factors than to others. *United States v. Pauley*, 511 F.3d 468, 475-76 (4th Cir. 2007).

Here, after giving the parties an opportunity to argue for an appropriate sentence,[3] the Magistrate Judge explicitly considered the § 3553(a) factors most relevant to McKnight's case. *See Coleman*, 2016 WL 2658160, at *4 (noting that the magistrate judge did not need to discuss each factor, but he "highlighted the factors he deemed integral to the imposition of [the] sentence"). First, regarding protecting the public, the Magistrate Judge noted the dangers associated with McKnight's repeated drunk driving. McKnight was driving two other individuals at the time of the instant probation violation, in addition to her unborn baby, although she did not realize that she was pregnant at the time. Accordingly, the Magistrate Judge explained that the sentence he imposed would protect not only McKnight and the community, but also the unborn child.

As for promoting respect for the law, the Magistrate Judge pointed out that McKnight's record demonstrated a lack of regard for society's rules. *See Fore-Durham*, 2016 WL 2689064,

---

[3] The transcript reveals that the Magistrate Judge thoroughly discussed various sentencing options with counsel. *See United States v. Coleman*, No. 3:16-cr-5, 2016 WL 2658160, at *4 (E.D. Va. May 6, 2016) (citing with approval that the magistrate judge listened to counsel's arguments and "engaged in active conversation throughout the duration of the hearing").

4

at *3 (affirming a magistrate judge's sentence when the judge relied on the defendant's criminal history and the need to deter future conduct). McKnight had convictions for DUI, driving while drinking, public intoxication, and possession of drugs. Her driving history included 17 infractions, resulting in a driving record of -39 points. Moreover, the Magistrate Judge noted that McKnight breached the Court's trust shortly after beginning her term of probation.

Finally, the Magistrate Judge explained that the sentence provided McKnight with medical care and substance abuse treatment. In addition to recommending McKnight's placement in the Greenbrier Birthing Center out of concern for her pregnancy, the Magistrate Judge imposed conditions to address her addiction, including inpatient and outpatient substance abuse treatment.

The Magistrate Judge did not need to respond to each of McKnight's arguments. *See, e.g., United States v. Santos*, No. 18-4502, 2019 WL 1556144, at *3 (4th Cir. Apr. 10, 2019) (finding that the sentencing court adequately explained its sentence even though it "did not speak directly to the primary arguments offered in mitigation"). He provided sufficient reasoning for this Court to conclude that he considered the § 3553(a) factors as they pertained to McKnight, as well as the parties' arguments. Accordingly, the Court finds McKnight's sentence procedurally reasonable.

### B. Substantive Reasonableness

McKnight also argues that the Magistrate Judge imposed a substantively unreasonable sentence because it was "excessively harsh." (Dk. No. 33, at 9.) As an initial matter, the sentence fell below the statutory maximum, *see Fore-Durham*, 2016 WL 2689064, at *4, and within the Guidelines range, creating a presumption of reasonableness, *see Louthian*, 756 F.3d at 306.

McKnight fails to rebut that presumption. When measured against the § 3553(a) factors, the Magistrate Judge did not impose an unreasonable sentence. First, he cited the need to protect the public—including McKnight, her unborn child, and the two passengers in her car—from

5

McKnight's drunk driving. The Magistrate Judge emphasized this factor because McKnight drove "at a very high speed through Culpeper while severely intoxicated," even after "at least two significant opportunities at treatment . . . that didn't protect the public." (Dk. No. 34, at 25-26); *see United States v. Jones*, No. 3:16-cr-126, 2016 WL 7404700, at *3 (E.D. Va. Dec. 21, 2016) (approving of sentencing goal to protect the public from a defendant's drunk driving).

The Magistrate Judge fashioned a sentence to promote respect for the law based on McKnight's near immediate breach of the Court's trust, coupled with her prior convictions. He also focused on McKnight's pregnancy by recommending the birthing center. (Dk. No. 34, at 8 ("I'm very concerned about her unborn baby.").) Finally, he aimed to address McKnight's history of substance abuse by imposing treatment and other conditions of supervised release. (Dk. No. 34, at 31 (stating that he hoped the sentence would "break the cycle of dependence").)

For these reasons, the Magistrate Judge imposed a substantively reasonable sentence.

## IV. CONCLUSION

The Court finds that the sentence imposed on McKnight for her probation violations was neither procedurally nor substantively unreasonable. The Court, therefore, will affirm the decision of the United States Magistrate Judge.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the defendant.

Date: 16 May 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge